IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EUGENE SHANNON ABNER | § | |
| v. | § | CIVIL ACTION NO. 9:06cv86 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Eugene Abner, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Abner says that he was charged with a disciplinary case for threatening to inflict harm on an officer on March 29, 2006. He was convicted of this offense on March 31, 2006, which is five days before he signed his habeas corpus petition in this case. Abner says that he lost 365 days of good time as a result of the disciplinary case, but concedes that he is not eligible for release on mandatory supervision. He also said that his administrative appeal of the case is pending.

On April 17, 2006, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed first that Abner had failed to exhaust his administrative remedies, as shown by the fact that his administrative appeal was pending and that five days was simply not long enough to file a Step One grievance, receive a response, file a Step Two appeal, and receive a response on it. The Fifth Circuit has held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies. <u>Lerma v. Estelle</u>, 585 F.2d 1297, 1299 (5th Cir. 1978).

1

However, the Magistrate Judge said, Abner's petition suffered from a more fundamental flaw, in that he failed to show that the prison disciplinary case deprived him of a constitutionally protected liberty interest as set out in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Because there was no such deprivation, the Magistrate Judge concluded, Abner could not obtain federal habeas corpus relief. *See* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

Abner received a copy of the Magistrate Judge's Report on April 17, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Magistrate Judge's Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **25** day of **May, 2006.**

_____
Ron Clark, United States District Judge